I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:          DATE:     DEPUTY CLERK:

Petitioner on 7-31-15 by TS

**FILED**
CLERK, U.S. DISTRICT COURT

July 31, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY:          TS          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ZEVONZELL E. SIMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>W.L. MONTGOMERY, Warden,<br><br>　　　　　Respondent. | No. CV 15-5484-DOC (DFM)<br><br>ORDER TO SHOW CAUSE |

On July 20, 2015, Petitioner Zevonzell Sims ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court. Dkt. 1 ("Petition"). The petition seeks relief from a sentence imposed after a jury convicted Petitioner in 1995 of murder, attempted murder with use of a firearm, and shooting at an occupied vehicle. Id. at 2.[1] Petitioner was sentenced to 18 years to life in state prison. Id.

**A.    The Petition Is Facially Untimely**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of

---

[1] All page citations are to the CM/ECF pagination.

limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1). However, for convictions that became final before AEDPA took effect, such as Petitioner's, the limitation period begins with AEDPA's effective date of April 24, 1996. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999). Accordingly, Petitioner had until April 24, 1997 to file a timely habeas petition in this Court. However, Petitioner did not file the instant action until July 20, 2015, more than 18 years too late.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appear to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) because it appears from the face of the Petition that Petitioner was aware of the factual predicate of all his claims at the time of his trial in 1995. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

**B.    It Does Not Appear that Petitioner Is Entitled to Any Statutory or Equitable Tolling**

Thus, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was April 24, 1997, more than 18 years ago. See

2

Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. The only state collateral challenges filed by Petitioner subsequent to the date his judgment of conviction became final are habeas petitions that Petitioner filed in the California state courts in 2014. See Petition at 2-3, 54, 56, 69. It does not appear that Petitioner would be entitled to statutory tolling for any of those state habeas petitions because they were not filed until approximately 17 years after Petitioner's federal filing deadline had already lapsed.[2] See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).

The Supreme Court has held that AEDPA's one-year limitation period is also subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 605, 645 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649. Here, Petitioner does not allege that any circumstances exist which would establish a right to equitable tolling.

C.   **Conclusion**

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition and to

_____

[2] It appears that Petitioner also filed a petition for writ of certiorari in the United States Supreme Court. See Petition at 7. However, this petition does not toll the one-year statute of limitations because it was filed long after the deadline had already elapsed.

summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before August 28, 2015, Petitioner show cause in writing as to why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness.

Dated:  July 31, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

4